# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PARAGON DATA SYSTEMS, INC., | ) | CASE NO. 1:20-CV-01883-DAP |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| | ) | |
| CINTAS CORPORATION, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

Defendants have moved for the entry of a Protective Order in this case.  It is ORDERED:

**1.** **Scope.**  All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible.  The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2.** **Form and Timing of Designation.**  A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – TRADE SECRETS" or "HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY

CONFIDENTIAL – TRADE SECRETS or HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS designation.  Documents shall be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – TRADE SECRETS or HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS prior to or at the time of the production or disclosure of the documents.  When electronically stored information is produced which itself cannot be marked with the applicable designation, the physical media on which such electronically stored information is produced shall be marked with the applicable designation.  The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation.  By written stipulation the parties may agree temporarily to designate with the applicable designation original documents that are produced for inspection, even though the original documents being produced have not themselves been so labeled.  All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation.  The copies of documents that are selected for copying during such an inspection shall be marked with the applicable designation, as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation.  The designations "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – TRADE SECRETS" or "HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.**  Any party may designate documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected

2

from disclosure as confidential personal information, medical or psychiatric information, personnel records, or such other commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

4. **Documents Which May be Designated HIGHLY CONFIDENTIAL – TRADE SECRETS**. Any party may designate documents as HIGHLY CONFIDENTIAL – TRADE SECRETS upon making a good faith determination that the documents contain either trade secret or proprietary information[*], disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

5. **Documents Which May be Designated HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS.** Any party may designate documents as HIGHLY CONFIDENTIAL –SOURCE CODE MATERIALS upon making a good faith determination that the documents contain extremely sensitive Confidential Information representing computer code, or detailed descriptions of computer code that might reveal the substance of computer code, that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

6. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – TRADE SECRETS or HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as

---

[*] Proprietary information includes but is not limited to all forms and types of a party's research, software, development, inventions, processes, engineering, pricing, internal procedures, marketing plans, and business opportunities

3

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – TRADE SECRETS or HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – TRADE SECRETS or HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS, pending objection, under the terms of this Order.

    **7.**    **Protection of Confidential Material.**

    **(a)**    **General Protections.** Documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 7(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

    **(b)**    **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER:

    **(1)**    **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

    **(2)**    **Parties.** Parties and employees of a party to this Order.

    **(3)**    **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(4)** **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "Experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in <u>Attachment A</u>, Acknowledgment of Understanding and Agreement to Be Bound; and

**(5)** **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in <u>Attachment A</u>, Acknowledgment of Understanding and Agreement to Be Bound.

**(c)** **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**(d)** **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic

databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**(e)** **Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502.

**8.** **Protection of "HIGHLY CONFIDENTIAL – TRADE SECRETS"**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – TRADE SECRETS" or "HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS" only to:

**(a)** The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

**(b)** Designated House Counsel of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 11(a)-(c), below, have been followed.[†]

**(c)** Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 11(a)-(c), below, have been followed;

---

[†] This Order contemplates that Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – TRADE SECRETS" or "HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS" with the exception of information and/or source code incorporated into expert reports and court filings.

6

    **(d)**    The Court and its personnel;

    **(e)**    Court reporters or videographers retained to record testimony taken in this action and their respective staff,

    **(f)**    Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    **(g)**    The author or recipient of a document containing the information of a custodian or other person who otherwise possessed or knew the information; and

    **(h)**    Any other person upon Court order or upon prior written consent of the Designating Party.

    **9.**    **Limited Purpose Party Representatives**.  If counsel believes in good faith that it is necessary to disclose any documents designated as HIGHLY CONFIDENTIAL - TRADE SECRETS or HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS to a client representative in order to receive context or information regarding the relevance or meaning of the documents designated as HIGHLY CONFIDENTIAL - TRADE SECRETS or HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS —in the interest of efficiently litigating the matter—counsel shall do the following:

    **(a)**    Identify a client representative that counsel determines would be able to provide the desired context or information regarding the specific material;

    **(b)**    Ask opposing counsel if they consent to disclosure of the specific documents designated as HIGHLY CONFIDENTIAL - TRADE SECRETS or HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS to the designated client representative.

      **(1)**    If opposing counsel consents, the designated client representative must sign the "Agreement To Be Bound To Protective Order," before the documents designated as HIGHLY CONFIDENTIAL - TRADE SECRETS or HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS may be disclosed to the client representative;

      **(2)**    If opposing counsel does not consent, counsel shall schedule a status conference with the Court, at which time the Court will determine whether the documents designated as HIGHLY CONFIDENTIAL - TRADE SECRETS or HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS may be disclosed to the identified client representative.

10.    **Protection of "HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS"**.  A Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS" for any information or items identified if they comprise or include source code.

      **(a)**    Protected Material designated as "HIGHLY CONFIDENTIAL –SOURCE CODE MATERIALS" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – TRADE SECRETS" information and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – TRADE SECRETS" information may be disclosed, as set forth in Paragraphs 8(a), *et seq*.

      **(b)**    HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS shall be made available for inspection during normal business hours or at other mutually agreeable times at two offices of the Producing Party's counsel or at other mutually agreed upon locations, in a format allowing it to be reasonably reviewed and searched. Such material shall be made available for inspection in a secured room on a secured

computer without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS review, but only to ensure that there is no unauthorized recording, copying, or transmission of the information designed as HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS

**(c)** The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary in this action for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 13 whereby the Producing Party is the "Objecting Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution. The Producing Party shall print the identified source code on yellow (or other non-white) colored paper. The Producing Party shall clearly label each page with bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS."

**(d)** The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images

of the paper copies and shall not convert the paper copies into an electronic format.  The Receiving Party may be permitted to include short excerpts of source code (20 lines or less) in court filings or expert reports so long as these documents are designated "HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS."  The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying Expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.  Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

**11.	Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – TRADE SECRETS" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information to Experts.**

**(a)**	Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Receiving Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – TRADE SECRETS" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – TRADE SECRETS" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) for an Expert attaches a copy of the Expert's current resume, (4) for an Expert identifies the Expert's

current employer(s), (5) for an Expert identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,‡ and (6) for an Expert identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

**(b)**     Party that makes a request and provides the information specified in Paragraph (a) may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

**(c)**     A Party that receives a timely written objection under Paragraph (b) must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7.1 seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent

---

‡ If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement

11

declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure

**(d)** In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

**12. Filing of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – TRADE SECRETS or HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS Documents Under Seal.** Absent a statute or an order of this Court, documents may not be filed under seal. *See* L.R.5.2; Electronic Filing Policies and Procedures Manual Section 16. Neither this Protective Order nor any other sealing order constitutes blanket authority to file entire documents under seal. Only confidential portions of relevant documents are subject to sealing. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – TRADE SECRETS or HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information. If, however, the confidential information must be intertwined within the text of the document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing.

Absent a court-granted exception based upon extraordinary circumstances, any and all filings made under seal shall be submitted electronically and shall be linked to this Protective

Order or other relevant authorizing order.  If both redacted and unredacted versions are being submitted for filing, each version shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

If the Court has granted an exception to electronic filing, a sealed filing shall be placed in a sealed envelope marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – TRADE SECRETS or HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS."  The sealed envelope shall display the case name and number, a designation as to what the document is, the name of the party on whose behalf it is submitted, and the name of the attorney who has filed the sealed document.  A copy of this Protective Order, or other relevant authorizing order, shall be included in the sealed envelope.

Subject to the provisions of Paragraph 14 below, any and all documents that may have been subject to sealing during discovery or motion practice will not enjoy a protected or confidential designation if the matter comes on for hearing, argument, or trial in the courtroom.  The hearing, argument, or trial will be public in all respects.

**13.** **Challenges by a Party to Designation as Confidential.**  Any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – TRADE SECRETS or HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS designation is subject to challenge by any party or non- party with standing to object (hereafter "party").  Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement.  If agreement is reached confirming or waiving the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – TRADE SECRETS or HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS designation as to any documents subject to

the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

      14.    **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – TRADE SECRETS or HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

      15.    **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – TRADE SECRETS or HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – TRADE SECRETS or HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**16.     Obligations on Conclusion of Litigation.**

**(a)     Order Remains in Effect.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)     Return of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – TRADE SECRETS or CONFIDENTIAL – SOURCE CODE MATERIALS Documents.**  Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – TRADE SECRETS or HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS under this Order, including copies as defined in ¶ 7(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – TRADE SECRETS or HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents.  This work product shall continue to be CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – TRADE SECRETS or HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS under this Order.  An attorney may use his or her work product in a

subsequent litigation provided that its use does not disclose or use CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – TRADE SECRETS or HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS documents.

**(c)** **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**17.** **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

**18.** **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – TRADE SECRETS or HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**19.** **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**SO ORDERED:**

Dated: _____ _____
The Honorable Dan Aaron Polster

# **ATTACHMENT A**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PARAGON DATA SYSTEMS, INC., | ) | CASE NO. 1:20-CV-01883-DAP |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| | ) | |
| CINTAS CORPORATION, *et al.,* | ) | **ACKNOWLEDGEMENT AND** |
| | ) | **AGREEMENT TO BE BOUND** |
| Defendants. | ) | |

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – TRADE SECRETS or HIGHLY CONFIDENTIAL – SOURCE CODE MATERIALS in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____


Dated: _____ _____
Signature