# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| PARAGON DATA SYSTEMS, INC., | ) |
| Plaintiff, | ) CASE NO. 1:20-cv-01883 |
| v. | ) District Judge Dan Aaron Polster<br>) Magistrate Judge David Ruiz |
| CINTAS CORPORATION, *et al.*, | ) |
| Defendant. | ) |

## DEFENDANT SAP AMERICA, INC.'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendant SAP America, Inc. ("SAP"), by and through its undersigned counsel, hereby submits its First Amended Answer and Affirmative Defenses to the [Second] Amended Complaint for Money Damages ("SAC") filed by Plaintiff Paragon Data Systems, Inc. ("Paragon") on February 18, 2021.[1] Unless expressly admitted, qualified, or otherwise answered herein, SAP denies all allegations in the first unnumbered paragraph of the SAC before paragraph 1. Moreover, to the extent that SAP admits factual averments, it admits only the specific facts, not any purported conclusions, characterizations, implications, or speculations contained in the SAC. Plaintiff's headings have been reproduced for convenience. SAP does not adopt, expressly or by implication, any of the statements in those headings. Subject to the foregoing, SAP answers the specific allegations as follows:

---

[1] Despite filing a First Amended Complaint on July 31, 2020, in the Court of Common Pleas, Cuyahoga County, Ohio, Paragon has also titled its pleading filed on February 18, 2021 in the United States District Court for the Northern District of Ohio (Dkt. 33), to which SAP now responds, as Paragon's "First Amended Complaint for Money Damages." For clarity, SAP refers to the Paragon's pleading filed on February 18, 2021 (Dkt. 33), as the "Second Amended Complaint."

## PARTIES

1. SAP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the SAC and, therefore, denies them.

2. SAP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the SAC and, therefore, denies them.

3. SAP admits that it is a Delaware corporation with a principal place of business at 3999 West Chester Pike, Newtown Square, PA 19073.  SAP further admits that it has conducted business with Cintas relating to software licenses and implementation.  SAP is without information or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations of "at all times relevant" and, therefore, denies them.  SAP denies any remaining allegations of Paragraph 3 of the SAC.

4. SAP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the SAC and, therefore, denies them.

## BACKGROUND AND GENERAL ALLEGATIONS

5. SAP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the SAC and, therefore, denies them.

6. SAP admits that a document entitled "PDS Clearview Stockroom Visibility Software System, Master Services and License Agreement" is attached, without Schedules, as Exhibit 1 to the SAC.  SAP is without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 6 of the SAC and, therefore, denies them.

7. SAP admits that a document entitled "PDS Clearview Stockroom Visibility Software System, Master Services and License Agreement" is attached, without Schedules, as Exhibit 2 to the SAC.  SAP is without information or knowledge sufficient to form a belief as to

the truth of the remainder of the allegations contained in paragraph 7 of the SAC and, therefore, denies them.

8. SAP admits that the SAC appears to reproduce language from Exhibits 1 and 2 to the SAC. SAP is without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 8 of the SAC and, therefore, denies them.

9. SAP admits that the SAC appears to reproduce language from Exhibits 1 and 2 to the SAC. SAP is without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 9 of the SAC and, therefore, denies them.

10. SAP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the SAC and, therefore, denies them.

11. SAP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the SAC and, therefore, denies them.

12. SAP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the SAC and, therefore, denies them.

13. SAP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the SAC and, therefore, denies them.

14. SAP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the SAC and, therefore, denies them.

15. SAP admits that the SAC appears to reproduce language from Exhibits 1 and 2 to the SAC. SAP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the SAC and, therefore, denies them.

16. SAP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the SAC and, therefore, denies them.

17. SAP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the SAC and, therefore, denies them.

18. SAP admits that it provided an automated uniform inventory management and stock room process solution to Cintas. SAP is without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 18 of the SAC and, therefore, denies them.

19. SAP admits that the SAC appears to reproduce language from Exhibits 1 and 2. SAP is without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 19 of the SAC and, therefore, denies them.

## COUNT ONE
### (Ohio Trade Secrets Act Violation)

20. SAP incorporates its responses to paragraphs above as if fully set forth herein.

21. Paragraph 21 of the SAC purports to state a legal conclusion, and therefore no response is required.

22. SAP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the SAC and, therefore, denies them.

23. SAP denies that it has used any alleged trade secret owned by Paragon. SAP is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the SAC and, therefore, denies them.

24. SAP denies that it misappropriated any alleged trade secret owned by Paragon. SAP is without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 24 of the SAC.

25. SAP denies the allegations contained in paragraph 25 of the SAC as they pertain to SAP. SAP is without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 25 of the SAC.

26. SAP denies the allegations contained in paragraph 26 of the SAC as they pertain to SAP. SAP is without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 26 of the SAC.

27. SAP denies the allegations contained in paragraph 27 of the SAC.

## COUNT TWO
## (Federal Defend Trade Secrets Act Violation)

28. SAP incorporates its responses to the paragraphs above as if fully set forth herein

29. Paragraph 29 of the SAC purports to state a legal conclusion, and therefore no response is required..

30. SAP denies the allegations contained in paragraph 30 of the SAC to the extent they pertain to SAP. SAP is without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 30 of the SAC.

31. SAP denies the allegations contained in paragraph 31 of the SAC to the extent they pertain to SAP. SAP is without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 31 of the SAC.

32. SAP denies the allegations contained in paragraph 32 of the SAC to the extent they pertain to SAP. SAP is without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 32 of the SAC.

33. SAP denies the allegations contained in paragraph 33 of the SAC to the extent they pertain to SAP. SAP is without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 33 of the SAC.

## COUNT THREE
## (Breach of Contract - Confidentiality)

34. SAP incorporates its responses to the paragraphs above as if fully set forth herein.

35. SAP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the SAC and, therefore, denies them.

36. SAP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the SAC and, therefore, denies them.

## COUNT FOUR
## (Breach of Contact - Unauthorized Use of Paragon Technology Post-Contract Termination)

37. SAP incorporates its responses to the paragraphs above as if fully set forth herein.

38. SAP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the SAC and, therefore, denies them.

39. SAP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the SAC and, therefore, denies them.

## COUNT FIVE
## (Breach of Contract - Improper Purchase of Products During the Existence of the Paragon Contract)

40. SAP incorporates its responses to the paragraphs above as if fully set forth herein.

41. SAP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the SAC and, therefore, denies them.

42. SAP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the SAC and, therefore, denies them.

## COUNT SIX
## (Breach of Contract- Underpayment of Account)

43. SAP incorporates its responses to the paragraphs above as if fully set forth herein.

44. SAP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the SAC and, therefore, denies them.

## COUNT SEVEN
### (Unjust Enrichment)

45. SAP incorporates its responses to the paragraphs above as if fully set forth herein.

46. SAP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the SAC and, therefore, denies them.

47. SAP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the SAC and, therefore, denies them.

## COUNT EIGHT
### (Civil Theft)

48. SAP incorporates its responses to the paragraphs above as if fully set forth herein.

49. Paragraph 49 of the SAC purports to state a legal conclusion, and therefore no response is required..

50. SAP denies the allegations contained in paragraph 50 of the SAC to the extent they pertain to SAP. SAP is without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 50 of the SAC and, therefore, denies them.

## COUNT NINE
### (Civil Conspiracy)

51. SAP incorporates its responses to the paragraphs above as if fully set forth herein.

52. SAP denies the allegations contained in paragraph 52 of the SAC to the extent they pertain to SAP. SAP is without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 50 of the SAC and, therefore, denies them.

53. SAP denies the allegations contained in paragraph 53 of the SAC to the extent they pertain to SAP. SAP is without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 50 of the SAC and, therefore, denies them..

54. SAP denies that Paragon is entitled to any of the relief it seeks in paragraphs (A)–(J), or for any relief whatsoever, to the extent it pertains to SAP. SAP is without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph (A)–(J) and, therefore, denies them.

## SAP'S AFFIRMATIVE DEFENSES

Subject to the responses above, and without assuming any burden not imposed by operation of law, SAP asserts the following affirmative defenses in response to the allegations of Paragon's SAC to the extent they are directed toward SAP. SAP expressly reserves the right to assert different and additional legal or equitable defenses that may now exist or in the future be available based on discovery and further investigation in this case.

### First Affirmative Defense – Failure to State a Claim for Relief

1. Paragon's SAC fails to state a claim upon which relief can be granted.

### Second Affirmative Defense – No Injury

2. Paragon's claims are barred, in whole or in part, because Paragon has not suffered any injury in fact from SAP's conduct alleged in the SAC.

### Third Affirmative Defense – Estoppel

3. Paragon's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

### Fourth Affirmative Defense – No Causation

4. SAP's conduct was and is neither the cause in fact nor proximate cause of any injury, loss, or damages alleged by Paragon.

### Fifth Affirmative Defense – Independent Development

5. Any software or solutions provided to Cintas by SAP were independently developed through the use of SAP's own information and know-how, publicly available information, and/or information SAP had the right to use.

### Sixth Affirmative Defense – No Reasonable Efforts to Maintain Secrecy

6. Paragon has not taken reasonable efforts under the circumstances to maintain the secrecy of its alleged trade secrets and confidential information.

### Seventh Affirmative Defense – Damages Speculative, Uncertain, and Contingent

7. Paragon's alleged damages claims are speculative, uncertain and/or contingent, have not accrued, and are not recoverable.

### Eighth Affirmative Defense – Information Obtained Without Knowing or Having Reason to Know That the Information Was Confidential

8. Any information obtained by SAP was obtained without knowing or having reason to know that such information was confidential and/or trade secret information.

### Ninth Affirmative Defense – Statute of Limitations

9. Paragon's claims are barred, in whole or in part, by the applicable statute of limitation(s).

**Tenth Affirmative Defense – Preemption**

10. Paragon's state and common law claims are preempted, in whole or in part, by applicable Federal and Ohio law.

### OTHER APPLICABLE DEFENSES

11. SAP expressly reserves the right to assert any other legal or equitable defenses to which it is shown to be entitled.

### DEMAND FOR JURY TRIAL

SAP hereby demands a jury for all issues so triable.

Dated: March 17, 2021

Respectfully submitted,

*/s/ T. Kaitlin Crowder*
Robert P. Ducatman (3571)
Thomas R. Goots (66010)
T. Kaitlin Crowder (95796)
Michael Atkins (99164)
JONES DAY
901 Lakeside Ave.
Cleveland, OH 44114
(216) 586-3939
rducatman@jonesday.com
trgoots@jonesday.com
kcrowder@jonesday.com
matkins@jonesday.com

*Counsel for SAP America Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, 2021, a copy of the foregoing was electronically filed with the Court and was served upon counsel of record via the Court's electronic filing system and also by email to the following:

Robert J. Hanna
Nicholas Clifford, Jr.
David A. Bernstein
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
(216) 592-5000
robert.hanna@tuckerellis.com
nicholas.clifford@tuckerellis.com
david.bernstein@tuckerellis.com

*Counsel for Paragon Data Systems, Inc.*

Gregory M. Utter
William N. Minor
KEATING MUETHING & KLEKAMP
One E. 4th Street, Suite 1400
Cincinnati OH 45202
(513) 579-6400
wminor@kmklaw.com
gmutter@kmklaw.com

*Counsel for Cintas Corporation*

Christopher Schueller
BUCHANAN INGERSOLL & ROONEY, PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
Christopher.schueller@bipc.com

*Counsel for Acsis, Inc.*

Dated: March 17, 2021

/s/ T. Kaitlin Crowder
T. Kaitlin Crowder
*Counsel for SAP America Inc.*