IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PARAGON DATA SYSTEMS, INC.,** 2218 Superior Avenue Cleveland, OH 44114 | : : : : | Case No.: 1:20-cv-01883 |
| Plaintiff, | : : | District Judge Dan Aaron Polster |
| vs. | : : | Magistrate Judge David Ruiz |
| **CINTAS CORPORATION,** | : : | |
| Defendant, | : : | |
| SAP America, Inc. 3999 West Chester Pike Newton Square, PA 19073, | : : : : | |
| And | : : | |
| SAP America, Inc. c/o The Corporation Trust Company 1209 Orange Street Wilmington, DE 19801, | : : : : : | |
| And | : : | |
| ACSIS, Inc. 50 Lake Center Executive Parkway, Suite 201 Marlton, NJ 08053 | : : : : | |
| And | : : | |
| ACSIS, Inc. c/o Corporation Service Company 251 Little Falls Drive Wilmington, DE 19808 | : : : : : | |
| New-Party Defendants. | : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT ACSIS, INC.
TO PARAGON'S [SECOND] AMENDED COMPLAINT[1]**

---

[1] Despite filing a First Amended Complaint on July 31, 2020 in the Court of Common Pleas, Cuyahoga County, Ohio, Paragon also titled its pleading filed on February 18, 2021 in the United States District Court for the Northern

**FOR MONEY DAMAGES**

Defendant Acsis Inc. ("Defendant" or "Acsis"), by and through its attorneys Buchanan Ingersoll & Rooney P.C., sets forth the following Answer and Affirmative Defenses to the [Second] Amended Complaint (the "SAC") filed by the Plaintiff, Paragon Data Systems, Inc. ("Plaintiff") on February 18, 2021.

**As to "GENERAL STATEMENT OF THE NATURE OF THIS ACTION"**

The first unnumbered paragraph states legal conclusions to which no answer is required. Acsis admits that Plaintiff alleges theft of trade secrets, breaches of contract, civil theft, and civil conspiracy and is seeking money damages and a permanent injunction. Acsis denies all allegations in the first unnumbered paragraph. Acsis further denies that Plaintiff has any factual or legal basis for pursuing any claims or relief against Acsis. Moreover, to the extent that ACSIS admits factual averments herein, it admits only the specific facts, not any purported conclusions, characterizations, implications, or speculations contained in the SAC. Plaintiff's headings have been reproduced for convenience. ACSIS does not adopt, expressly or by implication, any of the statements in those headings.

Subject to the foregoing, Acsis answers the specific allegations as follows:

**As to "PARTIES"**

1. Acsis lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 1 of the SAC, and therefore denies such allegations.

2. Acsis lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 2 of the SAC, and therefore denies such allegations.

3. Acsis lacks sufficient knowledge or information to form a belief as to the truth

---

District of Ohio (D.E. 33), to which ACSIS now responds, as Paragon's First Amended Complaint for Money Damages." For clarity, ACSIS refers to Paragon's pleading filed on February 18. 2021 (D.E. 33) as the "Second Amended Complaint" or "SAC."

of the allegations set forth in paragraph 3 of the SAC, and therefore denies such allegations.

4. Acsis admits that its principal place of business is 50 Lake Center Executive Parkway, Suite 201, 401 Route 73N, Building 50, Marlton, NJ 08053. Acsis further admits that it has conducted business with Cintas relating to software licenses and implementation. Acsis is without information or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations of "at all times relevant" and, therefore, denies them. Acsis denies any remaining allegations of Paragraph 4 of the SAC.

## As to "BACKGROUND AND GENERAL ALLEGATIONS"

5. The allegations set forth in paragraph 5 of the SAC relate to a party other than Acsis. As such, Acsis lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 5 of the SAC, and therefore denies such allegations.

6. The allegations set forth in paragraph 6 of the SAC relate to a party other than Acsis. As such, Acsis lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 6 of the SAC, and therefore denies such allegations. By way of further response, the referenced document, attached to the SAC as Exhibit 1, is a written document that speaks for itself.

7. The allegations set forth in paragraph 7 of the SAC relate to a party other than Acsis. As such, Acsis lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 7 of the SAC, and therefore denies such allegations. By way of further response, the referenced document, attached to the SAC as Exhibit 2, is a written document that speaks for itself.

8. Acsis lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 8 of the SAC, and therefore denies such allegations. By way of further response, the referenced documents, attached to the SAC as Exhibit 1 and Exhibit

2, are written documents that speak for themselves.

9. Acsis lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 9 of the SAC, and therefore denies such allegations. By way of further response, the referenced documents, attached to the SAC as Exhibit 1 and Exhibit 2, are written documents that speak for themselves.

10. Acsis lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 10 of the SAC, and therefore denies such allegations. By way of further response, the referenced documents, attached to the SAC as Exhibit 1 and Exhibit 2, are written documents that speak for themselves.

11. Acsis lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 11 of the SAC, and therefore denies such allegations. By way of further response, the referenced documents, attached to the SAC as Exhibit 1 and Exhibit 2, are written documents that speak for themselves.

12. The allegations set forth in paragraph 12 of the SAC relate to a party other than Acsis. As such, Acsis lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 12 of the SAC, and therefore denies such allegations.

13. The allegations set forth in paragraph 13 of the SAC relate to a party other than Acsis. As such, Acsis lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 13 of the SAC, and therefore denies such allegations.

14. The allegations set forth in paragraph 14 of the SAC relate to a party other than Acsis. As such, Acsis lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 14 of the SAC, and therefore denies such allegations. In addition, the referenced document, attached to the SAC as Exhibit 2, is a written document that speaks for itself.

15. The allegations set forth in paragraph 15 of the SAC relate to a party other than Acsis. As such, Acsis lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 15 of the SAC, and therefore denies such allegations. In addition, the referenced document, attached to the SAC as Exhibit 2, is a written document that speaks for itself.

16. Acsis lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 16 of the SAC, and therefore denies such allegations.

17. Acsis lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 17 of the SAC that "Cintas breached the 2014 Agreement," and therefore denies such allegations. Acsis further lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's statement regarding the "Paragon Technology" and what it includes. The allegations also set forth in paragraph 17 of the SAC constitute legal conclusions for which no response is required. Acsis denies the remaining allegations as they pertain to Acsis as set forth in paragraph 17 of the SAC.

18. Acsis denies the allegations contained in paragraph 18 of the SAC as they pertain to Acsis. Acsis is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of the SAC and, therefore, denies them.

19. Acsis lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 19 of the SAC, and therefore denies such allegations. By way of further response, the referenced documents, attached to the SAC as Exhibit 1 and Exhibit 2, are written documents that speak for themselves.

### As to "COUNT ONE"
### (Ohio Trade Secret Act Violation)

20. Acsis incorporates by reference the responses to the foregoing paragraphs as if set forth at length herein.

21. The allegations set forth in paragraph 21 of the SAC constitute legal conclusions for which no response is required.

22. The allegations set forth in paragraph 22 of the SAC relate to a party other than Acsis. As such, Acsis lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 22 of the SAC, and therefore denies such allegations.

23. Acsis denies the allegations contained in paragraph 23 of the SAC as they pertain to Acsis. Acsis is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the SAC and, therefore, denies them.

24. Acsis denies the allegations contained in paragraph 24 of the SAC as they pertain to Acsis. Acsis is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the SAC and, therefore, denies them.

25. Acsis denies the allegations contained in paragraph 25 of the SAC as they pertain to Acsis. Acsis is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 of the SAC and, therefore, denies them.

26. Acsis denies the allegations contained in paragraph 26 of the SAC as they pertain to Acsis. Acsis is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the SAC and, therefore, denies them.

27. Acsis denies the allegations set forth in paragraph 27 of the SAC.

**As to "COUNT TWO"**
**(Federal Defend Trade Secrets Act Violation)**

28. Acsis incorporates by reference the responses to the foregoing paragraphs as if set forth at length herein.

29. The allegations set forth in paragraph 29 of the SAC constitute legal conclusions for which no response is required.

30. Acsis denies the allegations contained in paragraph 30 of the SAC as they pertain

to Acsis. Acsis is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 of the SAC and, therefore, denies them.

31. Acsis denies the allegations contained in paragraph 31 of the SAC as they pertain to Acsis. Acsis is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 of the SAC and, therefore, denies them.

32. Acsis denies the allegations contained in paragraph 32 of the SAC as they pertain to Acsis. Acsis is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 of the SAC and, therefore, denies them.

33. Acsis denies the allegations contained in paragraph 33 of the SAC as they pertain to Acsis. Acsis is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 of the SAC and, therefore, denies them.

## As to "COUNT THREE"
### (Breach of Contract – Confidentiality)

34. Acsis incorporates by reference the responses to the foregoing paragraphs as if set forth at length herein.

35. The allegations set forth in paragraph 35 of the SAC relate to a party other than Acsis. As such, Acsis lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 35 of the SAC, and therefore denies such allegations.

36. The allegations set forth in paragraph 36 of the SAC relate to a party other than Acsis. As such, Acsis lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 36 of the SAC, and therefore denies such allegations.

## As to "COUNT FOUR"
### (Breach of Contract – Unauthorized Use of Paragon Technology Post-Contract Termination)

37. Acsis incorporates by reference the responses to the foregoing paragraphs as if set forth at length herein.

38. The allegations set forth in paragraph 38 of the SAC relate to a party other than Acsis. As such, Acsis lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 38 of the SAC, and therefore denies such allegations.

39. The allegations set forth in paragraph 39 of the SAC relate to a party other than Acsis. As such, Acsis lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 39 of the SAC, and therefore denies such allegations.

## As to "COUNT FIVE"
### (Breach of Contract – Improper Purchase of Products During the Existence of the Paragon Contract)

40. Acsis incorporates by reference the responses to the foregoing paragraphs as if set forth at length herein.

41. The allegations set forth in paragraph 41 of the SAC relate to a party other than Acsis. As such, Acsis lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 41 of the SAC, and therefore denies such allegations.

42. The allegations set forth in paragraph 42 of the SAC relate to a party other than Acsis. As such, Acsis lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 42 of the SAC, and therefore denies such allegations.

## As to "COUNT SIX"
### (Breach of Contract – Underpayment of Account)

43. Acsis incorporates by reference the responses to the foregoing paragraphs as if set forth at length herein.

44. The allegations set forth in paragraph 44 of the SAC relate to a party other than Acsis. As such, Acsis lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 44 of the SAC, and therefore denies such allegations.

## As to "COUNT SEVEN"
### (Unjust Enrichment)

45. Acsis incorporates by reference the responses to the foregoing paragraphs as if set forth at length herein.

46. The allegations set forth in paragraph 46 of the SAC relate to a party other than Acsis. As such, Acsis lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 46 of the SAC, and therefore denies such allegations.

47. The allegations set forth in paragraph 47 of the SAC relate to a party other than Acsis. As such, Acsis lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 47 of the SAC, and therefore denies such allegations.

### As to "COUNT EIGHT"
### (Civil Theft)

48. Acsis incorporates by reference the responses to the foregoing paragraphs as if set forth at length herein.

49. The allegations set forth in paragraph 49 of the SAC constitute legal conclusions for which no response is required.

50. Acsis denies the allegations set forth in paragraph 50 of the SAC to the extent they pertain to Acsis. Acsis lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 50 of the SAC, and therefore denies such allegations.

### As to "COUNT NINE"
### (Civil Conspiracy)

51. Acsis incorporates by reference the responses to the foregoing paragraphs as if set forth at length herein.

52. Acsis denies the allegations set forth in paragraph 52 of the SAC to the extent they pertain to Acsis. Acsis lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 52 of the SAC, and therefore denies

such allegations.

53. Acsis denies the allegations set forth in paragraph 53 of the SAC to the extent they pertain to Acsis. Acsis lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 53 of the SAC, and therefore denies such allegations.

Defendant ACSIS, Inc. denies that Plaintiff is entitled to any or all of the relied request in the WHEREFORE clause of the SAC. Defendant demands judgment dismissing the Complaint, with prejudice, awarding it attorneys' fees and costs, and granting such other relief as the Court deems just and proper.

**AFFIRMATIVE AND ADDITIONAL DEFENSES**

1. The Complaint in whole or in part fails to state a claim upon which relief may be granted.

2. Plaintiff's claims fail, in whole or in part, because Defendant Cintas has not shared any of Plaintiff's allegedly confidential and/or trade secret information with Acsis.

3. Acsis does not possess and has not used or disclosed any of Plaintiff's allegedly confidential and/or trade secret information.

4. Any software or solutions provided to Cintas by Acsis were independently developed through the use of Acsis's own information and know-how, publicly available information, and/or information Acsis had the right to use.

5. Plaintiff does not possess any confidential and/or trade secret information.

6. Plaintiff has not taken reasonable efforts under the circumstances to maintain the secrecy of its alleged trade secrets and confidential information.

7. Acsis acted in good faith, innocent of any knowledge or intent to misappropriate Plaintiff's rights, software, technology, or other proprietary information. Any information obtained by Acsis was obtained without knowing or having reason to know that such information was confidential and/or trade secret information.

8. Plaintiff's claims fail, in whole or in part, because Plaintiff has not pled its alleged trade secrets with sufficient particularity.

9. Plaintiff's claims fail, in whole or in part, because Acsis did not induce Defendant Cintas to breach any alleged contract with Plaintiff, and Acsis has not interfered with Plaintiff's business or business expectancies.

10. Plaintiff's claims fail, in whole or in part, because Plaintiff's alleged damages and threatened irreparable harm were not proximately caused by any act or omission of Acsis.

11. Plaintiff has suffered no commercial or economic harm.

12. Plaintiff's claims fail, in whole or in part, because Plaintiff's alleged damages are speculative.

13. Plaintiff's claims for injunctive relief are precluded for the reason that any alleged injury is not irreparable and is instead compensable with money damages.

14. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any injury in fact from Acsis' conduct alleged in the SAC.

15. All or part of Plaintiff's alleged damages are barred due to its failure to mitigate.

16. All or part of Plaintiff's claims are barred under the doctrine of unclean hands.

17. Plaintiff's claims are barred, in whole or in part, due to the doctrine(s) of waiver, ratification, discharge, release, accord and satisfaction, estoppel and/or laches.

18. Plaintiff's claims fail, in whole or in part, because its alleged damages were caused in whole or in part by the acts and/or omissions of others whose conduct Acsis did not control and for whose conduct Acsis is not responsible.

19. Plaintiff's claims, in whole or in part, are barred by a lack of privity of contract with Acsis.

20. Plaintiff's claims, in whole or in part, are barred by preemption and/or equitable estoppel.

21. Plaintiff's claims fail, in whole or in part, because any alleged contract between Plaintiff and Defendant Cintas is unenforceable due to a want or failure of consideration and/or Plaintiff's own breach of any alleged contract.

22. Plaintiff's claims fail, in whole or in part, because Defendant Cintas did not breach Plaintiff's alleged contract with Defendant Cintas.

23. Acsis is entitled to full or partial indemnity and/or contribution from other parties who are found to have proximately caused injury to Plaintiff, if there is any, and/or who

expressly or impliedly agreed or who are equitably required to indemnify, defend nor hold harmless Acsis from damages or liabilities such as those claims by Plaintiff.

## RESERVATION OF DEFENSES

Defendant reserves the right to amend its Answer and Affirmative Defenses to assert any other lawful defenses of which it becomes aware.

## JURY DEMAND

Defendant hereby demands a jury trial on all issues so triable.

Dated: March 18, 2021

Respectfully submitted,

*/s/ Michael D. Hall*

Christopher P. Schueller (OH ID No. 0086170)
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
Telephone: (412) 562-8800
Facsimile: (412) 562-1014
Email: christopher.schueller@bipc.com

Michael D. Hall (NJ ID No. 019772003)
(admitted *pro hac vice*)
BUCHANAN INGERSOLL & ROONEY, P.C.
Incorporated in Pennsylvania
550 Broad Street, Suite 810
Newark, NJ 07102-4582
Telephone: (973) 273-9800
Facsimile: (973) 273-9430
Email: michael.hall@bipc.com

Lauren J. Glozzy (NJ ID No. 074452015)
(admitted *pro hac vice*)
BUCHANAN INGERSOLL & ROONEY, P.C.
Incorporated in Pennsylvania
550 Broad Street, Suite 810
Newark, NJ 07102-4582
Telephone: (973) 273-9800

        Facsimile: (973) 273-9430
        Email: lauren.glozzy@bipc.com

*Counsel for ACSIS, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ *Michael D. Hall*
Michael D. Hall, Esq.