**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| PARAGON DATA SYSTEMS, INC., | ) | CASE NO.: 1:20CV1883 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN A. POLSTER |
| v. | ) | |
| | ) | **JOINT STATUS REPORT** |
| CINTAS CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Paragon Data Systems, Inc. ("Paragon") and Defendants Cintas Corporation ("Cintas"), ACSIS, Inc. ("ACSIS"), and SAP America, Inc. ("SAP") (collectively, "Defendants") submit this Joint Status Report for the Court's Zoom Status Conference at 1:00 p.m. on August 2, 2021.

**I.      STATUS OF DISCOVERY**

As this Court is aware from the status conference held on June 2, a Federal Rule of Civil Procedure 30(b)(6) deposition of Paragon's corporate designee was scheduled to take place July 6 and 7. The purpose of this deposition was to allow Defendants an opportunity to examine Paragon on the specific list of trade secrets (18 of them) it claims in this case thereby setting the framework for the case moving forward. The list was set forth in Appendix A to Plaintiff's Supplemental Response to SAP's First Set of Interrogatories dated April 30, 2021. The Court scheduled the instant status conference about a month after the scheduled deposition to allow the parties to evaluate Paragon's 30(b)(6) testimony and its potential effects on the posture of the case. The scheduled deposition was cancelled due to the witness's serious medical condition and hospitalization. The time at which the witness will be sufficiently recovered to attend the

1

deposition is not yet known. In late-January, 2021, Paragon was also unable to agree to a date for Mr. Laurenzi's deposition because of health issues.

It is Defendants' position that fact depositions of its own witnesses should not proceed until after Paragon further defines the scope of this two and a half year old case through the Court-ordered deposition of Paragon's corporate designee. Plaintiff maintains that the setback of its 30(b)(6) deposition should not impede or halt continuing discovery, and depositions of Defendants' witnesses may take place without any detriment to Defendants. Given the fast approaching close of oral fact discovery on September 30, 2021, it is Paragon's position that depositions should go forward. The discovery issues remaining between each party are set forth below:

1. **Cintas**

There are outstanding discovery disputes between Paragon and Cintas that remain unresolved since the status conference held on June 2. Paragon has requested that Cintas produce documents from its "SharePoint" database, and Cintas has not yet done so. In a June 11 letter to Paragon, Cintas stated that it "is prepared to produce over 3,500" additional documents in response to apparent deficiencies in its document production, and it remains willing to do so. Cintas additionally agreed to supplement its deficient interrogatory responses, but not until it has fully completed its document productions in this case. Cintas has not yet supplemented its response but plans to produce additional documents in the next several days.

Moreover, on June 1, Paragon served a Federal Rule of Civil Procedure 30(b)(6) notice on Cintas, and identified an additional five fact witnesses Paragon seeks to depose in relation to Cintas. Until the Report, Cintas has not responded to this request. Now, like the other defendants in this case, Cintas is unwilling to proceed with scheduling and conducting a Rule 30(b)(6) deposition of a Cintas representative, or additional fact witness depositions until the parties are

2

able to proceed with the court-ordered deposition of Mr. Laurenzi to ascertain the precise nature of trade secrets at issue in this case.

2. **ACSIS**

There are outstanding discovery disputes between Paragon and ACSIS that remain unresolved since the status conference held on June 2. In a letter dated May 18, 2021, Paragon requested communications contained on ACSIS' "Slack" application, through which its employees discussed the development of the Cintas project. In a June 28 letter to Paragon, ACSIS agreed to collect and review the identified Slack communications and supplement its interrogatory responses and document production accordingly. In the interim, ACSIS has collected and reviewed the Slack communications, but has not made any production of the same due to disagreements as to defined search terms and the scope of Paragon's requests.

Moreover, on June 1, Paragon served a Federal Rule of Civil Procedure 30(b)(6) notice on ACSIS, and identified an additional five fact witnesses Paragon seeks to depose in relation to ACSIS. ACSIS is unwilling to proceed with scheduling and conducting the 30(b)(6) deposition or the additional fact witness depositions until Paragon ensures the completion of the court-ordered deposition of Mr. Laurenzi.

3. **SAP**

SAP noticed a 30(b)(6) deposition of Paragon in December 2020. As noted above, that deposition has not yet occurred, despite SAP's diligent efforts over the course of the last eight months to identify a mutually agreeable date. On June 1, Paragon served a Federal Rule of Civil Procedure 30(b)(6) notice on SAP, and identified an additional five fact witnesses Paragon seeks to depose in relation to SAP. Unlike the other Defendants, SAP has proposed tentative date ranges for each witness starting at the end of September, just days before the close of oral fact discovery. Although SAP has provided tentative date ranges in a good faith effort to keep discovery moving,

SAP maintains that its fact witnesses—which were noticed for deposition in June 2021—should not proceed before Paragon produces its 30(b)(6) witness.

SAP's document production and written discovery responses are complete. Paragon's Interrogatory responses remain deficient for several reasons, including those identified in prior correspondence to the Court concerning the detailed identification of Paragon's trade secrets and allegations of misappropriation. On May 26, 2021, in a letter to the Court, Paragon took issue with SAP's assertions and provided the Court a copy of Appendix A. At the Zoom conference the Court ordered Plaintiff to "produce a 30(b)(6) witness [who] would be able to state, with specificity, the trade secrets involved in this case." Therefore, that dispute remains outstanding.

## II. REMAINING PRETRIAL SCHEDULE

The parties have engaged in a number of discovery disputes that have slowed the parties' progress in discovery. Plaintiff remains concerned whether it will be able to complete depositions before the close of oral fact discovery. Plaintiff's concerns have been exacerbated by the number of outstanding discovery issues as well as the rate at which Defendants have supplemented their responses and productions. Despite these concerns, Plaintiff continues to diligently proceed with discovery and will inform the Court at the appropriate juncture if it does not appear that they can complete fact discovery within the current schedule.

        Respectfully submitted,

        s/ *Robert J. Hanna*
        Robert J. Hanna (0037230)
        Nicholas Clifford, Jr. (*pro hac vice*)
        David A. Bernstein (0093955)
        TUCKER ELLIS LLP
        950 Main Avenue, Suite 1100
        Cleveland, OH 44113
        Tel:    216.592.5000
        Fax:   216.592.5009
        E-mail: robert.hanna@tuckerellis.com
                nicholas.clifford@tuckerellis.com
                david.bernstein@tuckerellis.com

        *Attorneys for Plaintiff Paragon Data Systems, Inc.*

**CERTIFICATE OF SERVICE**

I certify that, on July 29, 2021, I served a copy of the foregoing Joint Status Report by email as follows:

| | |
|---|---|
| William N. Minor, Esq.- wminor@kmklaw.com<br>Gregory M. Utter, Esq. gmutter@kmklaw.com<br>Melissa S. Matthews MMatthews@KMKLAW.com<br>KEATING, MUETHING & KELKAMP, PLL<br>One E. 4th Street, Suite 1400<br>Cincinnati, OH 45202<br><br>*Attorneys for Defendant Cintas Corporation*<br><br>.<br><br>Michael D. Hall, Esq. - Michael.hall@bipc.com<br>Lauren J. Glozzy, Esq. - Lauren.glozzy@bipc.com<br>BUCHANAN INGERSOLL & ROONEY PC<br>550 Broad Street, Suite 810<br>Newark, NJ 07102-4582<br><br>*Attorneys for Defendant ACSIS Inc.* | Thomas R. Goots, Esq. - trgoots@jonesday.com<br>T. Kaitlin Crowder, Esq. - kcrowder@jonesday.com<br>Michael P. Atkins, Esq. – matkins@jonesday.com<br>Robert P. Ducatman, Esq. – rducatman@jonesday.com<br>JONES DAY<br>North Point<br>901 Lakeside Avenue<br>Cleveland, OH 44114<br><br>*Attorneys for Defendant SAP America, Inc* |

Respectfully submitted,

s/ *Robert J. Hanna*
Robert J. Hanna (0037230)
Nicholas Clifford, Jr. (*pro hac vice*)
David A. Bernstein (0093955)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Tel: 216.592.5000
Fax: 216.592.5009
E-mail: robert.hanna@tuckerellis.com
nicholas.clifford@tuckerellis.com
david.bernstein@tuckerellis.com

*Attorneys for Plaintiff Paragon Data Systems, Inc.*