**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **PARAGON DATA SYSTEMS, INC.,** | |
| **Plaintiff,** | **Civil Action No. 1:20-cv-01883** |
| **v.** | **District Judge:  Dan Aaron Polster** |
| **CINTAS CORPORATION,** *et al.*, | **Magistrate Judge:  David Ruiz** |
| **Defendants.** | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAP AMERICA**
**INC.'S MOTION FOR CIVIL CONTEMPT SANCTIONS**

## INTRODUCTION

Defendant SAP America Inc. ("SAP") brings this motion for civil contempt sanctions due to Plaintiff Paragon Data Systems, Inc.'s ("Paragon) violation of unambiguous terms contained in a Protective Order issued by this Court.  In contravention of the Court's Protective Order, Paragon disclosed documents designated by SAP as confidential in this matter to lawyers uninvolved in this case so they could draft and file a separate complaint in state court.  Paragon's clear violation of the Court's order warrants civil contempt sanctions.

Over more than a year of litigation in this Court, SAP produced commercially sensitive confidential documents to Paragon under the Protective Order's assurance that those documents could not be used for any purpose whatsoever, other than preparation and trial of *this* action.  But when this Court dismissed Paragon's complaint without prejudice, giving Paragon one year to re-file, Paragon did not attempt to re-file in this action.  Instead, Paragon provided SAP's confidential information to a new set of lawyers, not covered by the Court's Protective Order, who then filed a new action in state court on the basis of SAP's confidential information.

A wall of precedent involving materially-indistinguishable circumstances makes crystal clear that a protective order limiting use of confidentially-marked documents to one action precludes a party from using those documents to file a separate, state court action.  To make matters worse, Paragon compounded its violation by providing SAP's documents to third-party lawyers who are not entitled to receive those documents under any circumstances.

Paragon does not dispute the underlying facts; it merely claims that SAP has no reason to complain because Paragon is willing to file SAP's confidential information under seal in the state court proceedings.  The problem, however, is not simply that Paragon has now improperly *disclosed* SAP's confidential information (though that is, of course, one problem); Paragon is not entitled to *use* SAP's confidential information in the state court proceedings, sealed or not.

Accordingly, SAP is compelled to come to this Court to seek adequate relief.

To compel Paragon's compliance with the Protective Order, and to compensate SAP from the losses stemming from Paragon's noncompliance, the Court should (1) prohibit Paragon from using SAP's confidential documents beyond this case and bar Paragon from sharing SAP's confidential information with third-party lawyers; and (2) award SAP the attorneys' fees and expenses incurred in enforcing the Court's order and in responding to Paragon's non-compliant state court complaint.

## BACKGROUND

### A.  The Court's Protective Order.

On August 24, 2020, SAP removed this civil action from the Court of Common Pleas, Cuyahoga County, Ohio to this Court on the basis of federal question jurisdiction.  *See* Dkt. #1. In its Complaint, Paragon asserted a cause of action under the Federal Defend Trade Secrets Act against SAP, Cintas Corporation, and ACSIS, Inc.  *See* Dkt. # 1-2 ¶¶ 28-33.  Paragon also asserted a claim under Ohio's trade secret act (*id.* ¶¶ 20-27), and assorted state law claims (*id.* ¶¶ 34-53).

Because Paragon's discovery requests sought Defendants' confidential and other commercially-sensitive information, Defendants promptly moved for entry of a two-tier protective order, which would shield certain highly confidential documents from access by Paragon employees.  *See* Dkt. # 27.  Paragon opposed, arguing that its principals needed access to the documents and against an Attorneys Eyes Only designation.  *See id.* at 1.  This Court entered a single-tier Protective Order on October 14, 2020, allowing Paragon's principals access to the Defendants' propriety and confidential information.  *See* Dkt. # 28.

This Motion turns on several unambiguous provisions contained within the Court's Order.  Most pertinent is section 5, which governs the protection of confidential information.

Subsection (a), entitled "**General Protections**," provides:

> Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE
> ORDER under this Order ***shall not be used or disclosed by the parties***, counsel
> for the parties or any other persons identified in ¶ 5(b) ***for any purpose***
> ***whatsoever other than to prepare for and to conduct discovery and trial in this***
> ***action*** [adversary proceeding], including any appeal thereof.

Dkt. 28 at 3 (emphasis added).

Subsection (b) imposed further limitations on the third parties entitled to access documents designated confidential under the protective order.  As relevant for purposes of this motion, that subsection provides that "[t]he parties and counsel for the parties ***shall not disclose or permit the disclosure*** of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity ***except … [c]ounsel for the parties*** and employees and agents of counsel ***who have responsibility for the preparation and trial of the action***."  Dkt. 28 at 4 (emphasis added).

Also relevant to this Motion is section 10 of the Protective Order, entitled "**Obligations on Conclusion of Litigation**."  Dkt. 28 at 8.  Subsection (a) of that provision makes clear that "[u]nless otherwise agreed or ordered, ***this Order shall remain in force after dismissal*** or entry of final judgment not subject to further appeal."  *Id.* at 8.  Subsection (b) further obligated the parties, "[w]ithin thirty days after dismissal or entry of final judgment not subject to further appeal," to return documents marked confidential to the producing party, subject to exceptions not applicable here.  *Id.*

### B.  This Court Dismisses Paragon's Federal Complaint.

On October 13, 2021, this Court dismissed Paragon's complaint because Paragon had failed to make its Rule 30(b)(6) witness available for deposition.  Dkt. # 51.  The Court dismissed Paragon's complaint without prejudice, and allowed Paragon to refile its complaint "within one year from the date of this order."  *Id.*

### C.  Paragon Uses Information Covered by the Protective Order to File a New Complaint in State Court.

Paragon, however, failed to refile its complaint in this Court within one year of the Court's dismissal order.  Instead, on October 12, 2022, Paragon filed a new case in the Court of Common Pleas, Cuyahoga County, Ohio, amending its causes of actions and adding parties.[1] Decl. of Thomas R. Goots, attached as Ex. A.  Paragon did not assert its cause of action under the DTSA, thereby attempting to avoid any basis for federal court jurisdiction.  More significant, however, is what Paragon's 145-paragraph state court complaint added.[2]

In the newly filed case, Paragon added four new defendants, all Cintas employees. Paragon alleged that they took certain actions regarding the use of their passwords.  The only place that information was available was in documents produced by Cintas or SAP.  In its newly filed Complaint, Paragon also referred to "secret" discussions between Cintas and SAP.  The sole basis for that allegation was documents produced by SAP or Cintas to Paragon.  All-in-all, at least 16 paragraphs of the newly filed Complaint contained information derived from SAP or Cintas documents that were designated under the Protective Order.

SAP promptly confronted Paragon, noting that its state court complaint plainly used confidential information produced in this case as the basis for new allegations contained in its state court complaint.   SAP further noted that the lawyers representing Paragon in its newly-filed state court action—Wuliger & Wuliger, and McDonald Hopkins LLC—did not represent Paragon in this action.[3]  *Id.*  Because Paragon's new counsel were not responsible for trying this

---

[1] Paragon was precluded from amending its claims or adding new parties in this lawsuit, as the deadline had passed long ago.  It is unclear if its "new" case filed in the Court of Common Pleas last month was done merely to avoid the ramifications of missing those deadlines.

[2] By comparison, Paragon's initial complaint in this action contained 53 paragraphs.  *See* Dkt. 1-2.

[3] Paragon was represented in this action by attorneys at Thrasher, Dinsmore & Dolan, and Tucker Ellis.

action, they should never have been provided with access to the confidential information produced in this matter.  *Id.*

In response, Paragon's state-court counsel did not deny that allegations in Paragon's new complaint were derived from documents marked confidential in this case.  *Id.*  Paragon took the position, however, that any violation of the Protective Order could be addressed "simply and completely" by sealing the portions of the state court complaint predicated on confidential information produced in this case.  *Id.*  Because Paragon's proposed solution does not remedy its violation of a court order, this Motion follows.[4]

## ARGUMENT

### I.  CIVIL CONTEMPT STANDARD.

"It is settled law that federal courts have the inherent authority to punish those who violate court orders."  *United States v. Trotter*, 2022 WL 1459902, at \*4 (W.D. Mich. May 9, 2022).  Federal courts have broad contempt power, which exists for the "preservation of order in judicial proceedings, and to the enforcement of the judgments, orders, and writs of the courts."  *Young v. U.S. ex rel. Vuitton et Fils S.A.,* 481 U.S. 787, 798 (1987) (internal quotation marks and citation omitted).  One of the "underlying concern[s] that gave rise to the contempt power," and the most salient reason for invoking it, is the "disobedience to the orders of the Judiciary."  *Id.*

The standards for civil contempt require a showing "by clear and convincing evidence that [the alleged contemnor] 'violated a definite and specific order of the court requiring [him or her] to perform...a particular act or acts with knowledge of the court's order.'"  *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (quoting *N.L.R.B. v. Cincinnati Bronze,*

_____

[4] In addition to filing this Motion, SAP is simultaneously filing a declaratory judgment complaint in this Court seeking resolution of the claims that Paragon previously pursued in this Court and for which discovery had been substantially completed.  *See SAP America, Inc. et al. v. Paragon,* Case No. 22-cv-2070.

*Inc.*, 829 F.2d 585, 590 (6th Cir. 1987)).  While the order must be "definite and specific,"

unambiguous court orders must be interpreted orders "to mean rather precisely what they

say." *Grace v. Ctr. for Auto Safety,* 72 F.3d 1236, 1241 (6th Cir. 1996).  Moreover, willfulness

is not an element of civil contempt, so the intent of a party to disobey a court order is "irrelevant

to the validity of [a] contempt finding."  *Rolex Watch U.S.A. Inc., 74 F.3d at *720.*  (quotation

marks and citation omitted.)

## II.  PARAGON VIOLATED THE COURT'S UNAMBIGUOUS PROTECTIVE ORDER.

"The salient question presented" by this Motion "is whether plaintiff violated the parties'

Protective Order by using discovery obtained thereunder for the purpose of initiating a separate

state court lawsuit." *On Command Video Corp. v. LodgeNet Ent. Corp.*, 976 F. Supp. 917, 921

(N.D. Cal. 1997).  As SAP will now show, Paragon violated at least two provisions of this

Court's Protective Order.

### A.  Paragon Violated Section 5(a) by Using Confidential Information to File a New Lawsuit.

Paragon plainly violated Section 5(a) of the Protective Order, which unambiguously

provides that confidential information produced in this case shall not be used *or* disclosed "for

any purpose whatsoever" other than to prosecute "this action."  Dkt. 28 at 3.  This limitation

means what it says:  "plaintiff is barred from using any confidential information subject to

the Protective Order except in the instant litigation." *On Command*, 976 F. Supp. at 922.

A slew of authority interpreting similarly-worded protective orders confirms the point.  A

protective order limiting the use of confidentially-marked documents to "this action" or "this

litigation" is violated when a party uses those documents to file a separate lawsuit.  *See, e.g.*,

*Wolters Kluwer Fin. Servs. Inc. v. Scivantage*, 2007 WL 1498114, at *7 (S.D.N.Y. May 23,

2007) (citing cases); *In re Biovail Corp. Securities Litigation,* 247 F.R.D. 69, 70-71 (S.D.N.Y.

2007); *Poliquin v. Garden Way,* 154 F.R.D. 29, 32 (D. Me. 1994); *Mahboob v. Educ. Credit*

*Mgmt. Corp.*, 2021 WL 818971, at *3 (S.D. Cal. Mar. 2, 2021), *report and recommendation adopted,* 2021 WL 7448532 (S.D. Cal. Mar. 31, 2021).

Paragon may argue that they cured any violation by sealing the allegations in their state court complaint derived from confidential information.  But that position misses the fundamental point:  "the Protective Order is not limited to the mere disclosure of protected information. Rather … it prohibits *use.*"  *On Command*, 976 F. Supp. at 922 (emphasis in original).  Thus, merely redacting the offending information does not cure Paragon's impermissible *use* of confidential information in drafting their complaint.  *Id.*; *see also Lusk v. Life Time Fitness, Inc.*, 2018 WL 5919342, at *4 (D. Minn. Nov. 7, 2018); *Errant Gene Therapeutics, LLC v. Sloan-Kettering Institute for Cancer Research*, 2017 WL 2418742, at *2-3 (S.D.N.Y. June 5, 2017).

Nor can Paragon justify its violation by characterizing its state court complaint as a mere continuation of "this action."  A refiled lawsuit after dismissal "is a 'new' and 'second' lawsuit." *Wolters Kluwer*, 2007 WL 1498114, at *7 (citing cases).  Put simply, "when a protective order limits confidential information to 'this litigation,' concluding that it permits the filing of a 'completely *separate lawsuit* ... strains credulity.'"  *Mahboob*, 2021 WL 818971, at *3 (citation omitted).

### B.  Paragon Violated Section 5(b) by Disclosing Confidential Information to Third Parties Not Covered by the Protective Order.

If that were not enough, Paragon also violated Section 5(b) of the Protective Order by disclosing confidential information to attorneys who are not permitted to receive the information under the plain terms of the Protective Order.

Section 5(b) provides that "[t]he parties and counsel for the parties shall not disclose or permit the disclosure of confidential information to third parties, except (as relevant here) to "[c]ounsel for the parties and employees and agents of counsel who have responsibility for the

preparation and trial of the action."  Dkt. 28 at 4.  In this action, Paragon was represented by attorneys from Thrasher, Dinsmore & Dolan, and Tucker Ellis.  In the state court action, however, Paragon is represented by different lawyers from Wuliger & Wuliger, and McDonald Hopkins LLC.

Again, the meaning of the Protective Order is plain – only attorneys with responsibility for *this* action are entitled to access confidential documents produced in this action.  Paragon violated Section 5(b) by providing SAP's confidential information to attorneys with no responsibility for this matter.  *See Hunter Eng'g Co. v. Hennessy Indus., Inc.*, 2010 WL 1186454, at *5 (E.D. Mo. Mar. 29, 2010) (plaintiff violated protective order by disclosing confidential documents obtained through discovery "to parties beyond the scope of the protective order").

## III. THIS COURT SHOULD SANCTION PARAGON.

Where, as here, a party violates a court order, civil contempt sanctions are appropriate to "coerce the defendant" into compliance and to "compensate the complainant for losses" stemming from noncompliance.  *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019).  To coerce Paragon into compliance, the Court should bar Paragon from using or disclosing confidential information obtained in this case in the state court action; to compensate SAP for Paragon's noncompliance, the Court should award SAP expenses and attorneys' fees incurred in litigating the violation.

### A.  The Court Should Issue an Injunction to Compel Obedience with the Protective Order.

The Court should issue an injunction enforcing the Protective Order's prohibition on any use beyond this case of documents or information designated confidential, and enforcing the Protective Order's prohibition on any disclosure of confidential documents or information to counsel not responsible for this case.

In analogous circumstances, it is routine for courts to bar the offending party from using

any confidential information subject to the Protective Order "except in the instant litigation." *On Command*, 976 F. Supp. at 922.  After all, this mandate is "already required by the Protective Order." *Lusk*, 2018 WL at 5919342, at *6; *see also Biovail*, 247 F.R.D, at 70-71 (restraining offending party from using protected material in state court action); *Poliquin*, 154 F.R.D. at 32 (directing attorney to destroy documents disclosed in violation of Protective Order); *Wolters Kluwer*, 2007 WL 1498114, at *4-9 (barring offending party from using confidential information "in any other litigation").  SAP is entitled to the same relief here – to coerce it into compliance, Paragon should be barred from using documents or information marked confidential in its state court action, and its state court attorneys should be ordered to destroy all copies of documents marked confidential in this case.

### B.  The Court Should Award Fees to Compensate for Injuries Caused by Paragon's Noncompliance.

Separate and apart from injunctive relief, the Court should hold Paragon in civil contempt, and should award SAP attorneys' fees incurred in litigating this motion and in responding to the state court complaint.  "Assessing fines and attorneys' fees is part of the civil contempt power." *Lusk*, 2018 WL 5919342, at *3.

SAP promptly notified Paragon that its use of confidential information in the state court litigation violated this Court's Protective Order, but Paragon refused to comply with its obligations.  Substantial caselaw confirms that, under the circumstances, it is "an appropriate sanction" to award SAP the expenses and attorneys' fees incurred in litigation the violation. *Lusk*, 2018 WL 5919342, at *6; *see also Olsen v. J.W. Didado Elec., LLC*, 2020 WL 12631726, at *6 (W.D. Pa. Aug. 26, 2020), *report and recommendation adopted,* 2021 WL 1169248 (W.D. Pa. Mar. 29, 2021) (same); *Harmon v. City of Santa Clara*, 323 F.R.D. 617, 627 (N.D. Cal. 2018) (same).  In addition, "[b]ecause plaintiff's counsel violated the protective order by using

confidential information to bring a second lawsuit," SAP should be awarded its reasonable fees

and costs defending against the offending complaint filed by Paragon in state court.  *Mahboob*,

2021 WL 818971, at *3.

## CONCLUSION

For these reasons, SAP America Inc.'s Motion for Civil Contempt Sanctions should be

granted.

Dated: November 16, 2022                                JONES DAY


By: */s/ Thomas R. Goots*
Thomas R. Goots (66010)
Robert S. Faxon (59678)
Hannah E. Mehrle (100228)
JONES DAY
901 Lakeside Ave.
Cleveland, OH 44114
(216) 586-3939
trgoots@jonesday.com
rfaxon@jonesday.com
hmehrle@jonesday.com


*Counsel for SAP, SAP USA, and SAP America Inc.*

.

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Stipulation was served via this Court's filing system.

/s/ *Thomas R. Goots*

Thomas R. Goots (66010)